## HOLLAND vs. PIERCE.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. This is an action by an endorsee, a-

Payment of a note or bill *supra protest* cannot be made before protest.
If payment be made before,

East'n District.
*May,* 1824.

HOLLAND
*vs.*
PIERCE.

and the note is afterwards protested, the endorser is not liable.

gainst an endorser of a promisory note. It was drawn by one John F. Miller, and made payable to the defendant; he endorsed it to the plaintiff, by whom it was transferred to the house of Hyde & Leeds, and by them it was discounted at the office of discount and deposit of the United States bank.

The day it became due, at the hour the bank was closing, the plaintiff called, and giving to the teller the amount of the note, received it from him. In the evening, he handed it over to a notary public, who demanded payment from the maker, which was refused, and the note was accordingly protested.

The explanation of this transaction, which the respective parties have made, differs very widely. The plaintiff states, that he was on other paper with the defendant, that he had reason to believe the note would not be paid, and anxious that the credit of the latter should not suffer by his name appearing on protested paper, he took it up. If this statement be correct, nothing can be imagined more zealous and obliging, than such an act of friendship. The defendant, however, gives quite another colouring to the matter, he states that the maker of the note and himself had vari-

East'n District.
*May*, 1824.

HOLLAND
*vs.*
PIERCE.

ous transactions together, that the former was indebted to him, and that this was a plan laid between Miller and Holland, to recover through the agency of Holland, the amount of the note from the defendant, and force him to bring an action against the maker, by which means the recovery of it would be delayed, until a final settlement could be made, of various matter in litigation between them.

Which of these statements be true, it concerns not the court to enquire, as the legal rights of the parties must be settled on other considerations. Admitting, however, that the payment was made from the motive which the plaintiff alleges, to wit: for the honour of the indorser, still that payment did not confer a right of action, unless the honour of the indorser, was then in such a situation, that this measure became necessary for its preservation. Now it is clear to us, it was not. The honor of the parties to the note, could not either in reason, or by law, be in any way affected, until a protest for non-payment. Hence any step on behalf of that honour, previous to the protest of the instrument was premature, it was discharging an obligation before any existed. The plaintiff himself seemed to be

HOLLAND
vs.
PIERCE.

aware of this, and that taking up the note, did not give a right to sue the indorsers, for he deemed it necessary afterwards to protest the instrument, for the purpose of assuring his recourse on the very person for the sake of whose credit, he avers he paid it. Nothing can shew more plainly the irregularity of the transaction, than this circumstance :—the party paying is obliged to dishonour the note, which in tenderness to his friend's honour, he had already paid.

The authorities are equally opposed to the right claimed by the plaintiff.

Payment, says Chitty, may be made by any one, for the honour of the drawer, or any of the indorsers, *but it is always made* after protest, and is therefore called payment *supra protest,* and no person should pay in honour of another, before the bill has been protested for non-payment. *Chitty on bills, Ed.* 1829, 329, 330. To the same effect is Pothier

" Celui qui acquitte une lettre de change pour l'honneur du tireur ou de quelqu'un des endosseurs, doit, pour obliger, envers lui *actione negotiorum gestorum*, celui pour l'honneur de qui il l'acquitte, la laisser protester par le porteur avant que de la payer. Pothier traite du contrat de change, no. 114.

East'n District:
May, 1824.

HOLLAND
vs.
PIERCE.

We think therefore that supposing this payment was made for the honour of the indorser, it conferred no right on the person making it to sue him, and we have only to enquire whether the protest for non-payment, made under the circumstances here presented, enables the plaintiff to maintain his action.

The enquiry by which this question is to be decided, need only be directed to one single fact, was the note *paid,* or was *it purchased.* If the latter, the holder had the same right, as the person from whom he received it, and could of course, on default of the maker to pay, have it dishonoured. If the former, there could be no protest for *non-payment,* for the note was already *paid.*

On this head, the evidence is very satisfactory. The cashier of the bank tells us, that the note here sued on, had been discounted by the bank and was their property, that it has never sold or disposed of any notes that have been discounted there, and that the note could not have been got out of the bank, but *by paying it.*

Another officer of the institution swears, that it was paid and taken up by the plaintiff, about three o'clock, of the day on which it fell due.

East'n District.
*May*, 1824.

HOLLAND
*vs.*
PIERCE.

It results clearly from this testimony, that the appellee did not purchase this note from the bank—that it was not negotiated to him, but delivered to him on his paying the amount. That payment therefore enured to the benefit of the maker, and no matter from what motive it was made, the note could not afterwards be protested; for it was already honoured and discharged.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that there be judgment for the defendant, as in case of nonsuit, with costs in both courts.

*Maurian* for the plaintiff, *Hennen* for the defendant.